**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES BUCCERONI** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL** | : | **No. 03-6371** |
| | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this __________ day of ____________, 2006, upon consideration of Defendants' Motion For Judgment As A Matter Of Law Or, In The Alternative, For A New Trial Or Remittitur, it is hereby ORDERED and DECREED that Defendants' Motion is GRANTED as follows:

1. Judgment is entered as a matter of law on behalf of all Defendants.
2. In the alternative, a new trial is awarded to all Defendants.
3. In the alternative, the verdict is remitted to $________.

By the Court:

______________________________
JUDGE JUAN R. SANCHEZ.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES BUCCERONI** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL** | : | **No. 03-6371** |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**
**OR, IN THE ALTERNATIVE, FOR A NEW TRIAL OR REMITTITUR**

For the reasons more fully set forth in Defendants' forthcoming Memorandum of Law in Support of Defendants' Motion For Judgment As A Matter Of Law Or, In The Alternative, For A New Trial or Remittitur, to be filed with the Court thirty days after receipt of the transcript pursuant to the Court's Order of May 5, 2006, defendants hereby move this Court for judgment as a matter of law or, in the alternative, for a new trial or remittitur.

Defendants contend that the Court should grant judgment as a matter of law or, in the alternative, a new trial or remittitur because, among other reasons, (1) plaintiff failed to establish against defendants Sullivan, Kelly, and LaTorre liability or damages for excessive force; (2) plaintiff failed to establish against defendants Sullivan, Kelly, and LaTorre liability or damages for intentional infliction of emotional distress; (3) even if plaintiff did establish liability or damages against defendants Sullivan, Kelly, and LaTorre for excessive force and / or intentional infliction of emotional distress, those defendants are entitled to qualified immunity; (4) the verdicts against Sullivan, Kelly, and LaTorre are against the weight of the evidence; and (5) judgment should be entered in favor of all defendants in regard to plaintiff's first amendment retaliation claim.

The reasons that defendants shall raise in support include, but are not limited to, the following:

- Plaintiff failed to establish that defendants Sullivan, Kelly, and LaTorre used excessive force.

- Plaintiff failed to establish that defendants Sullivan, Kelly, and LaTorre intentionally inflicted emotional distress.

- Defendants Sullivan, Kelly, and LaTorre were entitled to qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), or in the alternative, were sued in their official capacities, see, e.g., Melo v. Hafer, 502 U.S. 21, 24 n.* (1991).

- The verdicts against Sullivan, Kelly, and LaTorre are against the weight of the evidence.

- Judgment should be entered in favor of all defendants in regard to plaintiff's claim for first amendment retaliation.

- Plaintiff failed to establish an entitlement to punitive damages against defendants Sullivan, Kelly, and LaTorre, whom the City is indemnifying. Newport v. Fact Concerts, 453 U.S. 247, 271 (1981). For example, plaintiff failed to produce necessary evidence describing the financial wealth of the individual defendants. See also Keenan v. City of Philadelphia, 983 F.2d 459, 480-481 (3d Cir. 1992) (Higginbotham, J., dissenting).

Respectfully submitted,

Dated: May 8, 2006

_______________________________

DANIEL L. GARRY
Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102
(215) 683-5024

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below the foregoing Motion was filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the U.S. District Court for the Eastern District of Pennsylvania.

I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

Brian Puricelli, Esq.
Kravitz & Puricelli
691 Washington Crossing Road
Newtown, PA 18940

Date: May 8, 2006

__________________________
DANIEL L. GARRY
Deputy City Solicitor
Counsel for Defendants