IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BUCCERONI | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 03-6371 |
| | : | |
| CITY OF PHILADELPHIA et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                          **November 27, 2006**

      Charles Bucceroni, who prevailed in a civil rights action against three Philadelphia police officers, asks this Court for more than $500,000 in attorneys' fees and costs; conversely, the three police officers ask this Court to rule they are entitled to a judgment as a matter of law or a new trial. Because I find no grounds to disturb the jury's verdict of $100,000 in compensatory damages and $500,000 in punitive damages, I will deny the officers' motions and grant Bucceroni's in part.

**FACTS**

      Bucceroni was a Philadelphia police officer whose difficulties began when he criticized his colleagues to the press about an on-going investigation. From there, his career devolved into a physical confrontation with a superior and other officers during a disciplinary hearing. The confrontation ended with injury to Bucceroni and his jailing. After he was beaten and jailed, Bucceroni filed an 11-count[1] suit in this Court against 16 officials and officers, alleging excessive force and First Amendment retaliation.

      During trial this Court granted Judgment as a Matter of Law in favor of the City of

---

[1] The 11 Counts in the Complaint are seven counts under 42 U.S.C. §§ 1981 and 1983 and four state-law allegations. Before trial, this Court dismissed all the state law counts except intentional infliction of emotional distress.

Philadelphia and four individual defendants. The jury exonerated eight other defendants and imposed liability on three police officers, William Sullivan, Thomas Kelly, and Carl LaTorre, for excessive force and intentional infliction of emotional distress, awarding compensatory and punitve damages. The jury was unable to reach a verdict on First Amendment retaliation.  Pending now are Bucceroni's fee petition with three amendments and the officers' post-trial motions.

      The fee petition includes affidavits from each of the attorneys recounting their experience, their billing rates, their hours billed, and costs recoverable.  Brian M. Puricelli, Esq., has practiced law since 1991, lists eight cases in which he was lead attorney, and states his rate of $400 an hour is fair and reasonable in light of his experience and the results obtained.  Annette Oakley, Esq., has practiced law since 2004, charges $150 an hour, and has practiced in various matters.  Theodore M. Kravitz, Esq., has practiced law since 1979 in the areas of civil rights and employment law and his hourly rate is $250.

The bills as presented are:

| Petitions | Attorney | Hours | Rate | Costs | Total |
|---|---|---|---|---|---|
| **First** | Puricelli | 1018.1 | $400 | $22,792 | $407,240 |
| | Oakley | 376.5 | $150 | | $56,475 |
| | Kravitz | 32.70 | $250 | | $8,175 |
| **Second** | Puricelli | 22.1 | $400 | | $8,840 |
| | Oakley | 5.6 | $150 | | $840 |
| | Kravitz | 1.8 | $250 | | $450 |
| **Third** | Puricelli | 127.9 | $400 | $2,829.85 | $51,160 |
| | Oakley | 2.7 | $150 | | $405 |
| | Kravitz | 2.5 | $250 | | $625 |
| **Supplement** | Puricelli | 27.5 | $400 | | $11,000 |
| | Oakley | 5.5 | $150 | | $825 |
| | Kravitz | ------ | | | |
| **Total** | | | | $25,621.85 | $546,035 |

Puricelli's total at $400 an hour is $478,240 for 1195.6 hours; Oakley's total is $58,545 for 390.3 hours; and, Kravitz's total is $9,250 for 37 hours. The total of the billed hours and costs is $546,035.

The Defendants argue the total should be reduced to $171,814.69 ($59,526.64 in attorney fees and $12,288.05 in costs) because Puricelli's hours and billing rate are unreasonable and his success rate on the 11 counts against 16 defendants was low.

**DISCUSSION**

A prevailing party in a § 1983 action is entitled to reasonable attorneys' fees and costs under 42 U.S.C. § 1988(b) (providing, in the court's discretion, a reasonable attorney's fee to a successful

litigant in section 1981 and 1983 actions).[2]  A reasonable fee is one "adequate to attract competent counsel, but which does not produce windfalls to attorneys." *PIRG v. Windall*, 51 F.3d 1179, 1185 (3d Cir.1995) (citation omitted).  In civil rights cases, the Court uses "the 'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 176 (3d Cir.2001) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The Court presumes the lodestar is correct, but may adjust it for cause shown. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).  Bucceroni's counsel must show their fee request is proper and supported by the evidence.  *Id.*  "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Id.*  In reviewing a fee application, a district court must conduct "a thorough and searching analysis." *Interfaith Community Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 (3d Cir. 2005) (citing *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001)).  *See also Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 131-32 (3d Cir. 2000) (finding error where the district court relied on a generalized sense of what is customary and proper in calculating hourly rates rather than evidence).  This Court must "go line, by line, by line through the billing records supporting the fee request." *Evans* 273 F.3d at 362.

The Defendants argue the lodestar should be adjusted to reflect the degree of success Bucceroni achieved on his initial complaint, which included 11 counts against 16 defendants. *Pennsylvania Environmental Def. Found. v. Cannon-MacMillan Sch. Dist.*, 152 F.3d 228, 231 (3d

---

[2] In the Third Circuit a prevailing party in a civil rights action is presumptively entitled to fees and costs.  *El Club Del Barrio v. United Cmty. Corp.*, 735 F.2d 98, 100 (3d Cir. 1984) ("a prevailing party should ordinarily recover an attorney's fee unless special circumstances render an award unjust") (citations omitted); *see also Torres v. Metropolitan Life Ins. Co.*, 189 F.3d 331, 334 (3d Cir. 1999) (reaffirming *El Club Del Barrio*).

Cir. 1998). The defense also would reduce Puricelli's rates to $150/hour for written work and $300/hour for other work, which is what he charged in the *Devore* case two years ago. The defense states the quality of Puricelli's written work caused them extra work. The defendants also argue Puricelli should not bill at the partner's rate for all work, that some should be done on a "blended rate." *Uric v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983). The defense suggests some costs should be reduced or eliminated including those incurred for Bucceroni's Worker's Compensation claim, expert witness fees (because Puricelli called no expert), and other costs because of "the poor quality of plaintiff's fee petition." Def. Mem. 23.

This Court may only exclude hours billed for unsuccessful claims if the claims are "distinctly different claims for relief that are based on different facts and legal theories." *Hensley*, 461 U.S. at 434 ("work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved"). If the successful and unsuccessful allegations "involve a common core of facts or [are] based on related legal theories," this Court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 434-35. All of Bucceroni's claims arose from a core of common facts and were based on related legal theories. For that reason, I will not discount the fee petition based on a perceived rate of success.

I find some merit in the argument Bucceroni's lawyers should not be paid at partner rates for work more properly performed by a paralegal or non-professional. For work to be included in the calculation of reasonable attorneys' fees, the work must be "'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Planned Parenthood of Cent. N.J. v. Attorney General of N.J.*, 297 F.3d 253, 266 (3d Cir. 2002) (citing *Pennsylvania v. Del. Valley*

*Citizens' Council*, 478 U.S. 546, 561 (1986)).  When "a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable. We cannot condone the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals."  *Planned Parenthood of Cent. N.J.*, 297 F.3d at 266 (citing *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995)).

When I consider the evidence Bucceroni's counsel presented and the Defendants' arguments, I find some hours are excludable as unrelated to the case at hand and some hours must be discounted as involving work which a paralegal or junior associate could perform.  The hours unrelated to his case are 35 hours from March to November 2003 for the criminal case[3] and 40.9 hours for the Workers' Compensation case in 2004.  I have subtracted those hours from the total billed.

When I examine the billing records, I find 49.4 hours[4] which a paralegal or junior associate could have performed, including editing.[5]  For those hours I will permit recovery at $100 an hour to

---

[3] I did not exclude the hours billed for the initial conference because the record contains no hours for drafting the Complaint in this case.

[4] The hours are: 2/4/04,tx from o/c, 0.1; 2/5/04,ltr from o/c ,0.1; 2/11/04,lts to o/c,0.2; 4/2/04,edit,1.1; 4/3/04,ltr to o/c, 0.1; 7/19/04,edit, 0.4; 7/22/04,edit, 0.3; 7/29/04,fax in, 0.1; 7/30/04,rev. fax, 0.1; 8/13/04,rev. order, 0.1; 8/17/04,rev. notice, 0.1; 10/24/04,edit ,2.9; 10/29/04,rev. order, 0.1; 11/10/04,rev. notice, 0.1; 12/5/04,edit,1.5; 12/11/04,edit, 0.4; 12/26/04,tx with DA/office, 0.1; 1/21/05,rev. order, 0.1; 1/31/05,rev. order, 0.1; 2/1/05,ltr to o/c, 0.2; 2/2/05,ltr to o/c, 0.2; 2/4/05,rev. fax, 0.1; 2/14/05,rev. order, 0.1; 2/16/05,ltr from o/c, 0.1; 2/16/05,rev. ECF notice, 0.1; 2/18/05,sp. w/law clerk, 0.1; 2/18/06,sp. w/marshal, 0.2; 2/23/05,edit, 0.7; 2/25/05,tx to ct., 0.1; 3/14/05,tx re room, 0.2; 3/14/05,tx re schd'l order, 0.2; 3/16/05,email, 0.1; 3/23/05,setup deps, 0.3; 3/30/05,tx re sched, 0.2; 5/5/05,rev. ltr o/c, 0.1; 7/1/05,ltr. re dep dates, 0.3; 7/3/05,ltr from o/c, 0.1; 9/16/05,edit,2.3; 9/23/05,edit, 0.3; 10/11/05,edit motion,3.4; 11/2/05,rev. order, 0.1; 3/34/06,email jury charge, 0.1; 4/28/06,edit,2.5; 4/30/06,edit,6.7; 6/23/06,rev. edits,1.2; 6/23/06,edit,1.6; 6/23/06,final edit and file, 0.7; 7/3/06,rev. edits,1.4; 10/1/06,rev. edits,1.5; 10/7/06,rev. and edit, 6.1; 10/29/06,edit motion,5.8; 10/30/06,edit motion,4.3; TOTAL,49.4

[5] It seems churlish to discount the time Puricelli spent editing written submissions because his written work is much improved in the two years since he was penalized 50 percent for the quality of his

reflect the difficulty of the tasks performed.

More problematic is Puricelli's billing rate of $400 an hour. Neither party has submitted affidavits regarding market rates in the forum. The Defendants cite an unpublished decision, *Garner v. Meoli*, 1998 WL 560377, *7 (E.D. Pa. 1998), which stated the rates six years ago ranged from $150 to $275 an hour. Two years ago, Puricelli was billing $300 an hour. *Devore v. City of Philadelphia*, 2004 WL 414085, *3 (E.D. Pa. 2004).

The calculation of a reasonable billing rate is based on "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The Third Circuit has held the "relevant community" is the litigation forum. *Interfaith Comm. Org.*, 426 F.3d at 705. The rate should conform to the fees charged by attorneys "of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 896. If the party seeking fees makes a prima facie case for the reasonableness of the requested rate, the burden shifts to the opposing party to produce evidence to the contrary. *Washington v. Philadelphia County Ct. of Comm. Pl.*, 89 F.3d 1031, 1036 (3d Cir.1996).

Because neither party has submitted affidavits regarding prevailing rates, this Court must make the determination of a reasonable rate. I take judicial notice of rates awarded by district courts in this circuit in the last year, which range from $250 an hour to $400 an hour.[6] Rather than

---

written work. *Devore v. City of Philadelphia*, 2004 WL 414085, *3 (E.D. Pa. 2004). Nonetheless, although better, Puricelli's written work still leaves much to the patience of his readers.

[6]Recently decided cases include *Arietta v. City of Allentown,* 2006 WL 2850571, *5 (E.D. Pa. 2006)(awarding $275 an hour); *Huu Nam Tran v. Metropolitan Life Ins. Co.*, 2006 WL 2623230, *3 (W.D. Pa. 2006) (awarding $250 an hour for a simple case involving repetitive issues); *Lazarska v. County of Union*, 2006 WL 2264455, *7 (D.N.J. 2006) (awarding $300 an hour); *Jefferson v. City of Camden*, 2006 WL 1843178, *16 (D.N.J. 2006) (awarding $375 an hour); *Butler v. Frett*, 2006 WL 1806412, *7 (D.N.J. 2006) (finding $375 an hour reasonable); *Sypniewski v. Warren Hills*

arbitrarily rank Puricelli among his peers or create an artificial "blended" rate, I will allow Puricelli his stated rate of $400 an hour for work during trial and immediately related to trial. For all other work, excluding that which should not have been billed at all in this case or billed at paralegal rates, I will allow Puricelli $300 an hour. *Uric*, 719 F.2d at 677.

When I apply the preceding analysis to Puricelli's fee petition, I begin with Puricelli's total billed hours and subtract the excluded hours for the criminal trial and Worker's Comp hearing. I then subtract the hours for work more properly billed at a paralegal rate of $100 an hour and the trial time, billable at $400 an hour. The remaining time is properly billed at $300 an hour. After a careful examination of the hours and rates Oakley and Kravitz billed, I find no reason to recalculate their lodestars. Despite the Defendants claim some of the costs of litigation are unreasonable, I find no reason to deny recovery. The result is:

---

*Regional Bd. of Educ.*, 2006 WL 1675066, *10 (D.N.J. 2006) (awarding $394 an hour for partners and $235 for associates); *Barrett v. West Chester University of Pennsylvania of State System of Higher Education*, 2006 WL 859714, *4 (E.D.Pa. 2006) (finding $400 an hour reasonable).

| WHAT | HOURS | RATE | SUBTOTALS |
|---|---|---|---|
| Puricelli's total hours billed | 1195.6 | 400.00 | $478,240 |
| Hours for crim trial | - 35.0 | ----- | |
| subtotal | 1160.6 | | |
| Hours for workers comp | - 40.9 | ------ | |
| subtotal | 1119.7 | | |
| Hours at paralegal rate | - 49.4 | 100.00 | $  4,940 |
| subtotal | 1070.3 | | |
| Trial related hours | - 345.8 | 400.00 | $138,320 |
| subtotal | 724.5 | | |
| Out of court hours | 724.5 | 300.00 | $217,350 |
| Puricelli total | | | $360,610 |
| Oakley hours[7] | 390.3 | 150.00 | $ 58,545 |
| Kravitz hours | 37 | 250.00 | $  9,250 |
| **Hours Total** | | | $428,405 |
| Costs | | | $ 25,621.85 |
| **TOTAL** | | | **$454,026.85** |

Therefore, the award for attorneys' fees and costs will be $454,026.85.

Bucceroni also asks for pre-judgment interest and post-judgment interest on the $600,000 jury award. Specifically, Bucceroni asks for 10% as pre-judgment interest and post-judgment

---

[7] The Third Circuit has approved billing by an associate for trial hours. *Evans*, 273 F.3d at 362 (holding when two attorneys are required, one should be billed at an associate's rate). I note the Defendants had two attorneys present throughout trial.

interest of the current treasury rate on the judgment after April 26, 2006 under 28 U.S.C. § 1961.[8]

In federal question cases, prejudgment interest is committed to the discretion of the district court. *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986). Four justices of the U.S. Supreme Court have reasoned, without disagreement, the words of Section 1961 – "interest shall be calculated from the date of the entry of the judgment" – limits interest to that which may be entered **from** the date of judgment, or post-judgment. *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 859 (1990) (White, J., concurring, joined by three other justices). Because I agree with Justice White's reasoning, I will limit the interest award in this case to post-judgment and impose it as directed by the statute "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

The Defendants ask for judgment as a matter of law, a new trial or remittur, renewing their assertions they acted reasonably under the circumstances, and are entitled to qualified immunity.

---

[8] 28 U.S.C. § 1961 provides:
 § 1961. Interest
 (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
 (b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

28 U.S.C. § 1961

I decided each of these issues pre-trial and at the close of Plaintiff's case, and see no reason to revisit them now.  An alternative motion for a new trial under Federal Rule of Civil Procedure 50(b) is evaluated under the same standards that apply to a motion for a new trial under Rule 59.  *American Bearing Co. v. Litton Industrial Prods., Inc.*, 729 F.2d 943, 948 (3d Cir. 1984).  Under Rule 59, a party must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice.  *North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Judgment as a matter of law may be entered only when there is no legally sufficient basis for a reasonable jury to have found for the nonmoving party.  Fed. R. Civ. P. 50(a); *see also Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149-50 (2000).  In considering a motion under Rule 50(b), a district court must view the record as a whole, drawing "all reasonable inferences in favor of the nonmoving party."  *Reeves*, 530 U.S. at 150; *McDaniels v. Flick*, 59 F.3d 446, 453 (3d Cir. 1995). The court may not weigh the parties' evidence or determine the credibility of the witnesses.  *Reeves*, 530 U.S. at 150; *McDaniels*, 59 F.3d at 453.  The Defendants offer no intervening change in the law, new evidence, or persuasive argument regarding manifest injustice to warrant judgment as a matter of law or a new trial.

Defendants renew their demands for qualified immunity, which this Court has already denied. Qualified immunity is intended to shield government officials performing discretionary functions, including police officers, "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The analysis of qualified immunity involves two steps. *Saucier v. Katz,* 533 U.S. 194, 200 (2001).  First, the court must ask whether

"the facts alleged show the officer's conduct violated a constitutional right." If so, "the next, sequential step" is to resolve the qualified-immunity claim by asking "whether the right was clearly established." *Saucier* 533 U.S. at 200-01.

When a plaintiff alleges excessive force under the Fourth Amendment, the validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized "excessive force" standard. *Tennessee v. Garner,* 471 U.S. 1, 7-22 (1985). To grant qualified immunity, the Court would have to say "as a matter of law . . . a reasonable officer would not have known that this conduct was in violation of the Fourth Amendment." *Kopec v. Tate*, 361 F.3d 772, 777 (3d Cir. 2004). The Third Circuit formulated the test as whether "reasonable officials in the defendants' position at the relevant time could have believed, in light of what was in the decided case law, that their conduct would be lawful." *Good v. Dauphin County Social Serv.*, 891 F.2d 1087, 1092 (3d Cir. 1989). In taking this second step, this Court asks whether the state of the law gave the officers sufficient warning their alleged treatment of Bucceroni was unconstitutional. *Hope v. Pelzer,* 536 U.S. 730, 739-41 (2002).

The jury credited Bucceroni's testimony that during the confrontation at the Police Administration Building, Sullivan, Kelly, and Latorre beat Bucceroni, kicked him while he was down, threw him against a wall while handcuffed, and beat him in a cell while handcuffed. Bucceroni sustained a concussion, black eyes, dizziness, bloody urine, and herniated disks. An officer on the scene photographed Bucceroni's injuries and called an ambulance. At trial, the jury saw the pictures of these injuries. This Court has no trouble finding as a matter of law Defendants's force was excessive under the Fourth Amendment and a violation of a known constitutional right.

Defendants also argue Bucceroni as a matter of law has failed to state a cause of action on

which the verdict may rest in intentional infliction of emotional distress. The Third Circuit has allowed intentional infliction of emotional distress as a casue of action, consistently predicting Pennsylvania will ultimately recognize the tort.[9] *Pavlik v. Lane Ltd./Tobacco Exporters Intern.*, 135 F.3d 876, 890 (3d Cir. 1998); *Trans. Penn. Wax Corp. v. McCandless*, 50 F.3d 217, 232 (3d Cir. 1995); *Silver v. Mendel*, 894 F.2d 598, 606 (3d Cir.1990). To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct by the defendant, (2) that is intentional or reckless, (3) that causes emotional distress, and (4) that the emotional distress is severe. *Silver*, 894 F.2d at 606.[10]

Bucceroni's testimony and injuries sufficiently alleged a cause of action for intentional infliction of emotional distress to avoid judgment as a matter of law. In its ruling on the Defendants' Rule 50 Motion, this Court allowed the claim for intentional infliction of emotional distress to go to the jury because the question of whether Defendants' conduct was "outrageous," within the meaning of the law of the Commonwealth, was best left to the jury given the facts in the record. In the verdict interrogatories, the jury found officers Sullivan, Kelly, and LaToree "used excessive force . . . in violation of the Fourth Amendment" and "intentionally or recklessly caused severe emotional distress" to Bucceroni. Jury Interrog. 2, 5. The jury awarded $100,000 in compensatory damages

---

[9]The Pennsylvania Supreme Court has not adopted the tort of intentional infliction of emotional distress. *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 653 (Pa. 2000) (limiting recovery for intentional infliction of emotional distress to those who witness the outrageous act); *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 989 (Pa. 1987) (leaving "to another day" whether this cause of action is viable in the Commonwealth).

[10]Defendants also argue establishing intentional infliction of emotional distress requires an expert. Although *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 992 (Pa. 1987), suggests an expert might be required, none of the subsequent cases have so required. *See Taylor v. Albert Einstein Medical Center*, 754 A.2d 650, 653 (Pa. 2000); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 232 (3d Cir. 1995).

and $500,000 in punitive damages without differentiating between the two interrogatories. Defendants raised no objection to the jury instruction on emotional distress and the Defendants' proposed verdict sheet included damages for emotional distress.

Defendants also argue the Workers' Compensation Act[11] is the sole means for an employee to recover for an injury on the job, even if the tort is intentional. *Poser v. Newman & Co.*, 522 A.2d 548, 550 (Pa. 1987). Bucceroni counters the argument is waived for failure to raise it pre-trial and notes the recovery in this case is not against the employer, which is the City. The City opposed Bucceroni's Workers' Compensation claim on grounds the encounter was not within the scope and course of his duties and Bucceroni was not a covered employee at the time of the injury. Both issues were resolved against the City. The Defendants cannot prevail at this late date.

At trial, the jury was unable to reach a verdict on First Amendment retaliation. The Defendants now argue they are entitled to judgment as a matter of law on this count. Bucceroni argues since some jurors would have found for him, then this Court cannot say as a matter of law no reasonable juror could have found retaliation. Fed. R. Civ. P. 50(a). I agree.

The Defendants also argue punitive damages are inappropriate because the City will indemnify the individual defendants using taxpayer money. Alternatively, the defendants argue this court must make individual determinations of the ability of the defendants to pay punitive damages and argue the plaintiff must prove the defendants can pay. A court may award punitive damages in section 1983 actions upon a finding of reckless or careless disregard or indifference to plaintiff's constitutional rights. *Smith v. Wade*, 461 U.S. 30 (1983). Governmental entities are immune from

---

[11]Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 481(a).

liability for punitive damages, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), but persons found liable in their individual capacities under section 1983 are not immune from punitive damages.  *Keenan v. City of Philadelphia*, 983 F.2d 459, 472 (3d Cir. 1992).   In *Keenan*, as here, the verdict is not "so grossly excessive as to shock the judicial conscience."  983 F.2d at 472.  Because the verdict does not shock the conscience, remittur is unwarranted.  The jury's verdict will stand.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BUCCERONI | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 03-6371 |
| | : | |
| CITY OF PHILADELPHIA et al. | : | |

### ORDER

And now this 27th day of November, 2006, Defendants' Motion for Judgment as a Matter of Law, New Trial or Remittur (Document 100) is DENIED. Plaintiff's Motion to Dismiss for Lack of Jurisdiction (Document 154) is DENIED.  Plaintiff's Motion for Attorney Fees (Document 95) and Plaintiff's Motion for Relief (Document 151) are GRANTED in part and DENIED in part.  A judgment award of attorneys' fees and costs in the amount of $454,026.85 is hereby entered in favor of Charles Bucceroni and against Defendants Joseph Sullivan, Thomas Kelly and Carl LaTorre.

BY THE COURT:

\s\ Juan R. Sánchez
Juan R. Sánchez, J.