**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES BUCCERONI,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET. AL.** | : | **No. 03-6371** |
| | : | |
| **Defendants** | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SHOW CAUSE ORDER AND HEARING**

Defendant City of Philadelphia et al., ("City") through its counsel, responds to Plaintiff Charles Bucceroni's ("Bucceroni") Motion for Show Cause Order and Hearing as follows:

1. Denied as conclusion of law to which no response is required.

2. Denied as conclusion of law to which no response is required.

3. Admitted.

4. Defendant is without information or knowledge to either affirm or deny the averments made by Plaintiff in this paragraph.

5. Denied as stated. On or about August 7, 2006, the City supplied this Court with a Verification attested to by Ms. Dianne Reed ("Verification"), the Budget Director for the City of Philadelphia, in support of its Motion for Reconsideration to Stay the Execution of Judgment Pending Post-Trial Motions and Appeal, and to Waive the Bond Requirement pursuant to Rule 62(f) ("Motion to Waive Bond"). A copy of Ms. Dianne Reed's Verification is attached hereto as Exhibit "A." In her Verification, Ms. Reed attests, "[i]f this judgment becomes payable in the first half of a fiscal year, the

money will most likely be immediately available from the Indemnities Fund . . . even if the judgment amount is requested in the last half of the fiscal year, the City can move funds from its general fund into the Indemnities Fund with a transfer ordinance authorized by City Council. City Council can pass such an ordinance within three weeks of its introduction . . . further, by July 1st of each year, the new preparation for the coming fiscal year goes into the Indemnities Fund and could be used to satisfy a judgment immediately should any unforeseen obstacles arise in the transfer process." See Verification paragraphs 3 and 4.

6A. Denied as stated. The City asserted in its Motion to Waive Bond that there was no need for the City to post a bond because Bucceroni's ability to collect upon the two judgments was protected as a result of the City's Indemnities Fund as referenced by Ms. Diane Reed in her Verification.

6B.[1] Denied. The Court's August 21, 2006, Order speaks for itself and any characterization of such Order is hereby denied. By way of further response, Judge Sanchez's August 21, 2006 Order specifically stated "Defendants motion is granted solely on the ground that the verification from the City of Philadelphia's Budget Director . . . is adequate security under Federal Rule of Civil Procedure 62(b)." A copy of Judge Sanchez's August 21, 2006 Order is attached hereto as Exhibit "B".

7. Denied as a conclusion of law in which no response is required.

8. Denied as stated. Although the Plaintiff filed a writ of execution in order to obtain monies owed to him by the City, Plaintiff's writ was preempted by a writ of execution filed against these same funds on or about January 25, 2007. Specifically, Neil

---

[1] (Plaintiff has included two number 6's in his motion for Show Cause Order and Hearing, therefore the City will refer to the second 6 in Plaintiff's Motion as 6B).

A. Morris and Neil A. Morris Associates, P.C., ("Morris Plaintiffs") retained the services of the law firm of Fink & Salaman whom subsequently filed a writ of execution ("Writ") in attachment against the City, directing the Sheriff of Philadelphia County to satisfy, judgment, interest and costs against Brian Puricelli, by attaching the attorney fees awarded to Bucceroni in the possession of the City, as garnishee. 3111(c) of the Pennsylvania Rules of Civil Procedure provides that service of a writ upon the garnishee, shall subject the garnishee to the mandate and injunctive orders of the writ restraining the garnishee from paying any debt to or for the account of the defendant. Futhermore, 3111(d) of the Pennsylvania Rules of Civil Procedure provides that any violation of the mandate and injunctive orders of the writ may be punished as contempt. As a result of 3111(c) and 3111(d) of the Pennsylvania Rules of Civil Procedure, the City filed a Motion for Stay of Execution on March 16, 2007, requesting that a stay be granted on the monies attached by the Morris Plaintiff's Writ.

9. Denied. The City filed a Motion for Stay of Execution on March 16, 2007, requesting that a stay be granted solely for the $135,000 attached by the Morris Plaintiff's Writ. The City had offered to reimburse Bucceroni for the remaining funds, but said offers were denied repeatedly by Bucceroni.

10. Denied as stated. During a hearing before Judge Clifford Green, counsel for the City offered to pay Bucceroni all but $135,000 of the monies owed to him in the two judgments against the City. The City was stayed from paying Bucceroni the $135,000 as a result of 3111(c) and 3111(d) of the Pennsylvania Rules of Civil Procedure. Accordingly, the City filed a Motion for Stay of Execution on March 16,

2007, requesting that a stay be granted on the monies attached by the Morris Plaintiff's Writ.

11. Denied. This Court's May 7, 2007 Order speaks for itself and no further response is required. By way of further response, Judge Sanchez issued an Order denying the City's Motion for Stay of Execution of Judgment, finding "[t]he City bases its Motion for Stay on its role as garnishee in litigation in state court in which the plaintiff received an award against Brian Puricelli, Esq., the attorney for Plaintiff here, Charles Bucceroni . . . Bucceroni is not a party to the state court action. Nor is he a judgment debtor whose award is at risk."

12. Denied as stated. Counsel for the City and counsel for Bucceroni have had numerous conversations concerning the issues involved in this case.

13. Denied. Plaintiff made a settlement offer in a related federal case appearing under docket number 07-0464.[2]

14. Denied as stated. The City advised Brian Puricelli that they could not pay on the two judgments "immediately" as required by Judge Sanchez's May 7, 2007 Order. Furthermore, Brian Puricelli was informed that the City would pay Bucceroni in full no later than July 15, 2007, in that the funds in the City of Philadelphia's Indemnity Fund had been exhausted, but that they would be replenished on July 1, 2007.

15-16. Denied as conclusions of law to which no response is required. By way of further response, the City has complied fully with the August 7, 2006 Verification

[2] On February 5, 2007, Bucceroni through his counsel, Puricelli, filed a Complaint alleging that Michael Perry, the Prothonotary of Philadelphia Court, John D. Green, the Sheriff of Philadelphia County, as well as, the Morris Plaintiffs were liable to him under Section 1983 for violating his rights of due process, equal protection and for conspiracy to deprive him of civil rights. Bucceroni further alleged that the Morris Plaintiffs, in causing a writ of execution to be prepared by the Prothonotary and served by the sheriff upon the Philadelphia City Law Department, prevented him from receiving the award of attorneys' fees which he averred was his property and not that of his attorney Brian Puricelli.

attested to by Dianne Reed. Brian Puricelli has been told repeatedly that Bucceroni would be compensated in full no later than July 15, 2007. The City has also requested the City Council to adopt an ordinance authorizing the transfer of the monies owed Bucceroni from the General Fund to the Indemnities Fund. A May 29, 2007, affidavit by Ms. Reed is attached hereto as Exhibit "C", attesting to the City's efforts to pay Bucceroni in conformance with Ms. Dianne Reed's previous August 7, 2006, Verification.

WHEREFORE, Defendant, City of Philadelphia requests that the Court deny Plaintiff's Motion for a Show Cause Order and Hearing, and provide such further relief as the Court deems just and proper.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

BY:____________________________

GARY M. SAMMS, ESQUIRE
EVAN J. KELLY, ESQUIRE
Attorneys for Defendant
City of Philadelphia

Dated: May 29, 2007

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES BUCCERONI,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET. AL.** | : | **No. 03-6371** |
| | : | |
| **Defendants** | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR SHOW CAUSE ORDER AND HEARING**

**CERTIFICATE OF SERVICE**

I, Evan J. Kelly, hereby certify that on this date a true and correct copy of the foregoing was served by hand delivery upon the following:

Brian Puricelli
Kravitz & Puricelli
691 Washington Crossing Road
Newtown, Pa 18940

______________________
EVAN J. KELLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BUCCERONI, Plaintiff, v. | : | CIVIL ACTION |
| CITY OF PHILADELPHIA, ET AL, Defendants. | : | No. 03-6371 |

**VERIFICATION OF DIANNE REED,**
**BUDGET DIRECTOR, CITY OF PHILDELPHIA**

I, DIANNE REED, hereby declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that:

1. I am the Budget Director for the City of Philadelphia.

2. The collection process for judgments and settlements is not complex. The City maintains an Indemnities Fund from which settlements and judgments against the City are paid. In recent years, the City has budgeted approximately $25 million for this fund annually. For fiscal year 2007, beginning on July 1, 2006, the City has budgeted another $25.1 million to the fund.

3. Looking at spending patterns historically, about half of the fund is spent in the first half of the fiscal year. Thus, if this judgment becomes payable in the first half of a fiscal year, the money will most likely be immediately available from the Indemnities Fund. The Finance Department would likely be able to wire the money within about (10) ten days after it is requested.

4. Even if the judgment amount is requested in the last half of a fiscal year or any time after the Indemnities Fund has fallen below the amount needed to pay the judgment, the City

can move funds from its General Fund into the Indemnities Fund with a transfer ordinance authorized by City Council. City Council can pass such an ordinance within three weeks of its introduction. The City has supplemented the Indemnities Fund with such authorized midyear transfers in the past when it determines that there may be insufficient funds in the Indemnities Fund available to pay upcoming settlements and judgments. Further, by July 1 of each year, the new appropriation for the coming fiscal year goes into the Indemnities Fund and could be used to satisfy a judgment immediately should any unforeseen obstacles arise in the transfer process.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 7, 2006.

BY: [signature]
Dianne Reed

**Certificate of Service**

I, DANIEL L. GARRY, Deputy City Solicitor, hereby attest that a true and correct copy Defendants' Motion for Reconsideration was served on Plaintiff via ECF system.

Brian Puricelli, Esq.
Kravitz & Puricelli
691 Washington Crossing Road
Newtown, PA 18940

Date: August 8, 2006

DANIEL L. GARRY
Deputy City Solicitor
Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BUCCERONI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 03-6371 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, this 21st day of August, 2006, Defendants' Motion for Reconsideration (Document 121) is GRANTED, and Defendants are relieved from posting a bond in the amount of $600,000.[1] The execution of or any proceedings to enforce the judgment are stayed pending the disposition of Defendants' post-trial motions.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

[1]Defendants' motion is granted solely on the ground that the verification from the City of Philadelphia's Budget Director, attached as Exhibit A to Defendants' motion, is adequate security under Federal Rule of Civil Procedure 62(b).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES BUCCERONI,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**CITY OF PHILADELPHIA, et al.,**<br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 03-6371** |

**DECLARATION OF DIANNE REED**

Dianne Reed, having been duly sworn, hereby deposes and says:

1. I am currently employed as Budget Director for the City of Philadelphia.

2. I make this Declaration with respect to the Plaintiff's Rule to Show Cause.

3. I have personal knowledge of the balance of the general indemnities fund ("fund"), and have personal knowledge of the claims vouchered against the fund since August, 2006.

4. As of August 7, 2006, the balance of the general indemnities fund was $22,302,000.

5. Over the course of fiscal year 2007 (July 1, 2006 to June 30, 2007), the City used this balance to pay our court-ordered judgments and settlement of court cases. Our internal budget guidelines limit use of this fund only for the purpose of funding court-ordered judgments and settlements.

6. In August, 2006, 65 claims were vouchered for these purposes from this fund, with a total value of $2,089,032.68.

7. In September, 2006, 81 claims were vouchered for these purposes from this fund,

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES BUCCERONI,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET. AL.** | : | **No. 03-6371** |
| | : | |
| **Defendants** | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SHOW CAUSE ORDER AND HEARING**

**ORDER**

AND NOW, this day of , 2007, upon consideration of the Plaintiff's Motion for a Show Cause Order and Hearing and any response thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is DENIED.

**BY THE COURT:**

______________________________ J.

4159937